UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT
EASTERN DIVISION

| | | |
|---|---|---|
| TWELVE OAKS AT SCHAUMBURG CONDOMINIUM ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:19-cv-4850 |
| TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiff, Twelve Oaks at Schaumburg Condominium Association, by its undersigned attorneys, for its complaint against Defendant, Travelers Indemnity Company of America, states:

## FACTS

1. Plaintiff, Twelve Oaks at Schaumburg Condominium Association ("Twelve Oaks"), was and is an Illinois citizen, being an Illinois not-for-profit corporation with its principle place of business in Schaumburg, Illinois, and was and is the owner of 33 condominium buildings in Schaumburg, Illinois (collectively "the Buildings" or "the insured premises").

2. Defendant, Travelers Indemnity Company of America ("Travelers"), was and is a Connecticut citizen, being a Connecticut corporation with its principle place of business in Hartford, Connecticut, was and is authorized to do business in the State of Illinois, and was and is engaged in the business of underwriting and issuing property and casualty insurance for condominium associations.

1

3.     This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Twelve Oaks resides in this judicial district and the events giving rise to their claims occurred in this judicial district. Additionally, Travelers does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5.     Travelers issued to Twelve Oaks a property and casualty insurance policy effective December 21, 2016 to December 21, 2017 ("the insurance policy"). A copy of the insurance policy is attached as Exhibit A to the Complaint.

6.     Under the insurance policy, Travelers insured Twelve Oaks against direct physical loss or damage to the Buildings caused by or resulting from hail.

7.     On or about July 21, 2017, while the insurance policy was in full force and effect, the Buildings, including the exterior siding and the roofs, were physically damaged by hail ("the hail loss").

8.     Twelve Oaks submitted a claim to Travelers under the insurance policy for the hail damage to the Buildings.

9.     Travelers acknowledged that the hail loss was covered under the insurance policy and has issued payments to Twelve Oaks in the amount of $2,199,843.28.

10.    Twelve Oaks has incurred a cost of $4,342,474.71 to repair/replace the hail damage to the Buildings.

11. Twelve Oaks has substantially performed all post-loss conditions required by the insurance policy to be performed by it, requested of it, and/or not waived by Travelers including, but not limited to (a) giving prompt notice of the hail loss to Travelers, (b) cooperating with Travelers in its investigation of the loss, and (c) filing suit against Travelers within two years of the loss.

## COUNT I
### (Breach of Contract)

12. Twelve Oaks re-alleges paragraphs 1 through 11 of the Facts as paragraph 12 of count I of the Complaint.

13. It is Travelers' contractual obligation to pay Twelve Oaks all amounts due and owing under the insurance policy for the hail loss, including the actual cost incurred by Twelve Oaks to repair/replace the hail damage to the Buildings.

14. Although requested to do so, Travelers has failed to pay the actual cost incurred by Twelve Oaks to repair/replace the hail damage to the Buildings.

15. This breach of the insurance contract was and is the direct and proximate cause of damages to Twelve Oaks in an amount in excess of $75,000.

16. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Twelve Oaks is entitled to prejudgment interest.

WHEREFORE, Plaintiff, Twelve Oaks at Schaumburg Condominium Association, prays for judgment in its favor and against Defendant, Travelers Indemnity Company of America, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT II
**(Section 155 Relief)**

17. Twelve Oaks re-alleges paragraphs 1 through 15 of count I of the Complaint as paragraph 17 of count II of the Complaint.

18. At the time of the hail loss, Travelers' internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

19. Twelve Oaks is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Travelers engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay Twelve Oaks for the damage caused by the hail loss within 40 days of the loss being reported to Travelers, thus constituting an unreasonable delay in paying the loss as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

(b) failing to provide Twelve Oaks with a reasonable written explanation for the delay in resolving its hail loss and ensuing claim, after the claim remained unresolved for more than 75 days after it notified Travelers of the loss, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 the Illinois Administrative Code;

(c) failing to resolve the hail loss and ensuing claim within the two-year suit limitation provision in the policy, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code;

(d) failing to acknowledge with reasonable promptness pertinent communications regarding the hail loss and ensuing claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of Part 919 of the Illinois Administrative Code;

(e) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the hail loss and ensuing claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and in violation of the

regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 of the Illinois Administrative Code;

(f) failing and refusing to pay for the cost to remove the interior gypsum board substrate for the existing exterior siding and to replace it with plywood sheathing as the substrate for the replacement siding based on an erroneous and unreasonable interpretation of the "Ordinance or Law Coverage" endorsement to the insurance policy;

(g) failing and refusing to pay for the cost to remove the interior gypsum board substrate for the existing exterior siding and to replace it with plywood sheathing as the substrate for the replacement siding, despite the fact that the Village of Schaumburg required the interior gypsum board substrate to be removed and replaced because it was not an acceptable substrate for the replacement siding according to its interpretation of the building code it enforces, the 2015 International Residential Code;

(h) failing and refusing to pay for the cost to remove the interior gypsum board substrate for the existing exterior siding and to replace it with plywood sheathing as the substrate for the replacement siding based on the erroneous and unreasonable position that the Village of Schaumburg officials charged with implementing its building code, the 2015 International Residential Code, were wrong in their interpretation of its own ordinances and laws; the Village of Schaumburg, not Travelers, is the arbiter of what its ordinances and laws require and Twelve Oaks could rely on the Village of Schaumburg's determination as to whether or not it was in compliance with the same;

(i) failing and refusing to pay for the cost to remove and to replace window and door trim board, ban/skirt board, and corner posts as part of the removal and replacement of the substrate for the replacement siding based on an erroneous and unreasonable interpretation of the "Ordinance or Law Coverage" endorsement to the insurance policy;

(j) failing and refusing to pay for the cost to remove the existing clothes dryer exhaust ducts that have a "semi-rigid" interior finish and to replace them with clothes dryer exhaust ducts that have a "smooth" interior finish based on an erroneous and unreasonable interpretation of the "Ordinance or Law Coverage" endorsement to the insurance policy;

(k) failing and refusing to pay for the cost to remove the existing clothes dryer exhaust ducts that have a "semi-rigid" finish and to replace them with clothes dryer exhaust ducts that have a "smooth" interior finish, despite the fact that the Village of Schaumburg required the same according to its interpretation and enforcement of the 2015 International Residential Code; and

5

(l)     forcing Plaintiff to retain legal counsel to investigate its hail loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy.

WHEREFORE, Plaintiff, Twelve Oaks at Schaumburg Condominium Association, prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, Travelers Indemnity Company of America.

                                          /s/ Edward Eshoo, Jr.
                                          Edward Eshoo, Jr.
                                          Christina Phillips
                                          MERLIN LAW GROUP
                                          181 West Madison, Suite 3475
                                          Chicago, Illinois 60602
                                          Telephone: (312) 260-0806
                                          Facsimile: (312) 260-0808
                                          eeshoo@merlinlawgroup.com
                                          cphillips@merlinlawgroup.com